# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

No. 10-10051
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUSTIN LIVINGSTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-316-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Justin Livingston pleaded guilty to one count of possessing counterfeit obligations in violation of 18 U.S.C. § 472 and one count of conspiracy to manufacture counterfeit obligations of the United States in violation of 18 U.S.C. §§ 371 and 471.  On direct appeal, he argued that the amount of loss for which he was held accountable, $232,300, was incorrect.  This court determined that before the district court could properly calculate the amount of loss attributable to Livingston, it had to determine whether Livingston engaged in an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

undertaking of criminal activity with individuals other than his co-defendants and, if so, what was the scope of the criminal activity. *See United States v. Livingston*, 344 Fed. App'x 86 (5th Cir. 2009).

On remand, the district court found that Livingston engaged in an undertaking of criminal activity in the Dallas- Fort Worth area with individuals other than his co-defendants.  The district court then determined that the amount of loss attributable to Livingston was $163,000.

Before Livingston was resentenced, he objected, as he did at his initial sentencing, to the applicability of § 3B1.1(a)'s organizer and leader enhancement, which increased his base offense level four levels.  The district court again overruled Livingston's objection.

On appeal, Livingston does not challenge the district court's finding that $163,000 is an accurate accounting of the amount of loss attributable to him.  He does, however, challenge the imposition of the four-level organizer and leader enhancement.  In response, the Government contends that Livingston may not raise this enhancement issue on appeal.

The Government is correct.  Although Livingston objected at his initial sentencing to the organizer and leader enhancement, he did not challenge the enhancement in his initial appeal.  Accordingly, under the mandate rule, Livingston waived litigation or relitigation of this issue. *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004).  Additionally, the application of this enhancement was not within the scope of this court's mandate. *See Livingston*, 344 Fed. App'x at 87-90; *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).  Moreover, Livingston has not shown that his challenge to the enhancement falls within any of the exceptions to the mandate rule. *Matthews*, 312 F.3d at 657; *Lee*, 358 F.3d at 320.

Accordingly, Livingston's sentence is AFFIRMED.